POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 10-12445-B-13 |
| Mario Ambriz and<br>Shelly Raylene Ambriz, | DC No. MHM-1 |
| Debtors. | |

**MEMORANDUM DECISION REGARDING TRUSTEE'S
MOTION TO DISMISS CHAPTER 13 CASE**

This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, this disposition has no precedential value, *see* 9th Cir. BAP R. 8013-1.

Kristen Gates, Esq., appeared on behalf of the chapter 13 trustee Michael H. Meyer, Esq.

Robert S. Williams, Esq., of Williams & Williams, Inc., appeared on behalf of the debtors Mario Ambriz and Shelly Raylene Ambriz.

     Before the court is a motion by the chapter 13 trustee Michael H. Meyer, Esq. (the "Trustee") to dismiss the bankruptcy case of Mario and Shelly Ambriz (the "Debtors") under 11 U.S.C. § 1307(c).[1] The Trustee contends that there has been a material default

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, as enacted and promulgated *after* October 17, 2005, the effective date of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005 (BAPCPA), Pub. L. No. 109-8, 119 Stat. 23 (enacted Apr. 20, 2005).

1

with respect to the Debtors' confirmed chapter 13 plan (the "Plan"). Approximately two years after the Plan was confirmed, the Debtors sold their motor vehicle, purchased a new one, and financed that purchase with a new secured loan, all without seeking approval from the Trustee and this court. Although the Debtors' conduct violated the terms of their Plan, a local rule, and a general order of the court, the Trustee has not shown that dismissal of the case would be in the best interests of creditors and the estate. For the reasons discussed below, the Trustee's motion will be denied without prejudice.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c). The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 1307, and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

**I. BACKGROUND AND FINDINGS OF FACT.**

The Debtors filed their chapter 13 petition on March 10, 2010. They listed their motor vehicle, a 2005 Chevrolet Tahoe (the "Tahoe"), in Schedule B with a value of $12,000. According to the Schedules, there were no liens against the Tahoe and it was fully exempted on Schedule C.[2] The Debtors' Plan was confirmed on May 14, 2010. The Plan required that the Debtors make $200 monthly payments to the Trustee over a period of 36 months, with the final payment due on March 25, 2013. The Plan will pay a 7% distribution to unsecured creditors with estimated claims totaling $49,991.[3] The Debtors have made all of the Plan payments to date.

---

[2] Specifically, they claimed a $3,300 exemption under California Code of Civil Procedure § 703.140(b)(2) and an $8,700 exemption under California Code of Civil Procedure § 703.140(b)(5).

[3] The actual unsecured claims filed in this case total approximately $88,000 which includes the unsecured second mortgage against the Debtors' residence.

2

Case 10-12445    Filed 01/07/13    Doc 50

The Plan also imposed several non-monetary duties on the Debtors. Section 6.02 of the Plan specifically limited the Debtors' ability to transfer property and to incur new debt:

> In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and General Order 05-03, this plan imposes the following additional requirements on Debtor: **(a) Transfers of property and new debt.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000 or more other than in the regular course of the Debtor's financial or business affairs without first obtaining court authorization. Except as provided in sections 364 and 1304, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. If Trustee approves a proposed transfer or new debt, court approval may be obtainable without a hearing. To determine the appropriate procedure, Debtor should consult the General Order.

During the final year of their Plan, the Debtors decided to sell the Tahoe based on a concern that the maintenance and repair costs were too high.[4] The Debtors also needed money to fund dental work for their two children. The Tahoe was sold to Three Way Chevrolet for $9,600 which was paid in cash. The Debtors did not remember that they needed prior approval from the Trustee and the court in order to do so, and they did not consult their bankruptcy counsel beforehand.

Following this sale, the Debtors purchased a new motor vehicle, a 2012 Honda Accord (the "Accord"), from his employer, Barber Honda, at an "employee discount" price of $23,700. The Debtors made a $4,000 cash down payment and obtained a new loan from the dealership, secured by the Accord, to finance the remainder of the purchase price (the "New Loan"). Under the terms of the New Loan, the Debtors were obligated to repay $21,797.40 over six years at 10.98% interest, with monthly payments

---

[4] In opposition to the Debtors' motion for approval of these transactions (DC No. RSW-2) the Trustee questioned the economics and wisdom of trading a vehicle with no debt, for a new vehicle with substantial loan payments. In response to this motion to dismiss, the Debtor stated that he had already replaced the transmission and made other (unspecified) costly repairs to the Tahoe.

3

being $414.78. At some point during these events, the Debtors were advised that they needed approval from the Trustee and the court, but by then, it was too late.

In an effort to obtain retroactive approval, the Debtors filed a "Motion for Authorization to Incur Further Indebtedness to Buy a Vehicle Nunc Pro Tunc" on October 16, 2012. The Trustee opposed the motion, citing the Debtors' failure to comply with the terms of the Plan and the local rule governing the sale of property and incurrence of new debt. Ultimately, the court, reasoning that the Debtors had already completed the transactions for which they sought approval, denied the motion as untimely. The court noted that the issue really needed to be addressed in the context of a motion to dismiss. The Trustee then filed this motion to dismiss the Debtors' chapter 13 case for the same reasons that appeared in the Trustee's opposition.

## II. DISCUSSION AND CONCLUSIONS OF LAW.

In his motion, the Trustee argues that cause exists for dismissing the Debtors' case under § 1307 because their actions in selling the Tahoe and obtaining the New Loan without prior approval represented a material breach of a provision of their Plan, a violation of a local rule of practice,[5] and a violation of a general order of the court.[6]

---

[5] Here, the applicable local rule is the prior version of Local Bankruptcy Rule 3015-1 in effect at the time the petition was filed. The rule, in relevant part, stated, "No debtor shall sell, transfer or encumber any property of the estate without first obtaining the permission of the trustee. If the equity in a nonexempt asset which is not inventory of a business debtor exceeds $2,500, the debtor must also obtain the permission of the Court." Bankr. E.D. Cal. R. 3015-1(c) (amended 2012), *available at* http://www.caeb.uscourts.gov/documents/Forms/LocalRules/1.Local_Rules.pdf.

[6] The applicable general order is General Order No. 05-03. The relevant portion of that general order provides the following:

Paragraph 10. Sale of Property and New Debt

(a) **Vehicle Loans.** If the Trustee consents, the court may approve an ex parte motion by the debtor to finance the purchase of a motor vehicle. The debtor's motion and the Trustee's approval is their certification to the court that: (1) all

4

Section 1307(c) of the Bankruptcy Code provides that upon the request of a party in interest, the court may dismiss or convert a chapter 13 case for cause, whatever is in the best interests of creditors and the estate. The term "cause" is not defined by the Code, but § 1307(c) sets forth a non-exhaustive list of examples, including the "material default by

---

> payments required by the chapter 13 plan are current; (2) the chapter 13 plan is not in default; (3) Schedules I and J were filed within the prior 30 calendar days and they demonstrate that the debtor has the ability to pay all future plan payments and projected living and business expenses, as well as repay the new debt; (4) the new debt is a single loan incurred to purchase a motor vehicle that is reasonably necessary for the maintenance or support of the debtor or a dependent of the debtor . . . ; (5) the only security for the new debt will be the motor vehicle to be purchased by the debtor; and (6) the new debt does not exceed $15,000.00.
>
> . . .
>
> (d) **Sale of Property**. If the Trustee consents, the court may approve an ex parte motion by the debtor to sell real or personal property with a value of $1,000.00 or more other than in the ordinary course of business. The debtor's motion and the Trustee's approval is their certification to the court that: (1) the sale price represents a fair value for the subject property; (2) all creditors with liens and security interests encumbering the subject property will be paid in full before or simultaneously with the transfer of title or possession to the buyer; (3) all costs of sale, such as escrow fees, title insurance, and broker's commissions, will be paid in full from the sale proceeds; (4) the sale price is all cash; (5) the debtor will not relinquish title to or possession of the subject property prior to payment in full of the purchase price; and (6) the sale is an arm's length transaction. "Trading in" a vehicle as part of the purchase price for a new vehicle complies with the requirements of (5) and (6) of this subparagraph. The court will not approve ex parte motions to sell property pursuant to section 363(f).
>
> (e) **Other New Debt and Transfers**. If the Trustee will not give the consent required by subparagraphs (a) . . . or (d) of this paragraph, or if the debtor wishes to incur new debt or transfer property on terms and conditions not authorized by subparagraphs (a) . . . or (d) of this paragraph, the debtor shall file the appropriate motion, serve it on the Trustee, those creditors who are entitled to notice, and all persons requesting notice, and set the hearing on the court's calendar with the notice required by FRBP 2002 and Local Bankruptcy Rule 9014-1.

Bankr. E.D. Cal., General Order No. 05-03, at ¶ 10 (eff. Oct. 17, 2005), *available at* http://www.caeb.uscourts.gov/documents/Forms/GeneralOrders/GO.05-03.pdf.

the debtor with respect to a term of a confirmed plan." § 1307(c)(6).

The Trustee, as the moving party, bears the burden of proving that dismissal is warranted. *See In re Love*, 957 F.2d 1350, 1355 (7th Cir. 1992) ("Dismissal for cause cannot mean that a debtor must show an absence of cause; it can only mean that the party moving for dismissal must demonstrate cause."). *But cf. In re Ellsworth*, 455 B.R. 904, 918 (9th Cir. BAP 2011) ("When a creditor seeks dismissal due to bad faith, the applicable burden of proof is not as clear."). Here, although the Trustee has identified grounds that on the surface may constitute cause for dismissal, he has not addressed the critical inquiry: Would dismissal at this time be in the best interests of creditors and the estate? *See In re de la Salle*, 461 B.R. 593, 605 (9th Cir. BAP 2011) (noting that § 1307(c) requires a two-step analysis of determining that there is "cause" for court to act (i.e., to dismiss or convert) and that the requested act is in best interests of creditors and estate).

There is no question that the Debtors breached a provision of their Plan, specifically section 6.02 (as stated above). They transferred property with a value over $1,000 by selling their Tahoe, and they incurred new debt exceeding $1,000 by obtaining the New Loan to purchase the Accord; both were done without following the proper procedures. The Debtors' actions could therefore represent a material default under a term of the Plan, which is cause for dismissal under § 1307(c)(6).

Likewise, their conduct also undeniably violated Local Bankruptcy Rule 3015-1(c) and General Order No. 05-03 because they transferred property and incurred new debt without following the requisite procedures outlined in the rule and order. Although not specifically enumerated under § 1307(c), the violations of a local rule or general order of the court could also be possible grounds constituting cause. *Cf.* § 1112(b)(4)(E) (listing "failure to comply with an order of the court" as cause for dismissal in chapter 11 case); Bankr. E.D. Cal. R. 1001-1(g) (providing that failure to comply with local rules is subject

6

to court's sanctions, including dismissal of action).

Yet, simply because the Trustee has identified two grounds that may potentially establish "cause" under § 1307(c), this does not necessarily mean that dismissal of the case must automatically follow. *See Sievers v. Green (In re Green)*, 64 B.R. 530, 531 (9th Cir. BAP 1986) ("A creditor has no such automatic right [to dismiss under § 1307(c)]."). As the BAP has explained, "That one or more of these [grounds under § 1307(c)] may exist does not require a trial court to dismiss." *Id.*

In a chapter 13 case, the court "*may* dismiss a case" upon a finding of cause. § 1307(c) (emphasis added). "The word 'may' is a permissive word, not a word of command." *Green*, 64 B.R. at 531 (citation omitted). Thus, "[a]n analysis of the language of Section 1307(c) leads to the inevitable conclusion that the decision to dismiss a Chapter 13 is a *discretionary decision* of the trial court." *Id.* at 530 (emphasis in original); *see also In re Brown*, 296 B.R. 20, 22 (Bankr. N.D. Cal. 2003) (reciting several factors relevant in court's discretionary determination of dismissal). Dismissal is within the court's discretion because "[s]ection § 1307(c) unambiguously require[s] that the trial court consider . . . the interests of creditors and the estate in determining whether to grant [a party's] motion to dismiss." *Brown v. Sobczak (In re Sobczak)*, 369 B.R. 512, 519 (9th Cir. BAP 2007); *see also In re Griggs*, No. 08-80734-TRC, 2011 WL 4527438, at *2 (Bankr. E.D. Okla. Sept. 27, 2011) ("A decision to dismiss a case pursuant to 11 U.S.C. § 1307(c) is a matter of discretion for the bankruptcy court. The decision should be made for cause, based upon the totality of the circumstances, and considering what is in the best interests of creditors and the estate.").

Here, the Trustee has not made any showing, neither has he argued, that the Debtors' actions prejudiced the creditors and that dismissal would be in their best interests. In making that inquiry, the court must determine whether, due to the Debtors' unauthorized actions, the creditors would now fare better outside of bankruptcy (i.e., by

7

exercising their rights under state law) rather than in it (i.e., by allowing the Debtors to continue performing under their Plan). *See Sobczak*, 369 B.R. at 518–19 (concluding that lower court erred in dismissing chapter 13 case for failing to consider whether creditors were better off in- or outside bankruptcy); *see also Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d 240, 243 (4th Cir. 1994) (chapter 11 case) ("Once a court turns to the second question of determining what is in the best interest of creditors and the estate, it must ascertain the impact on the creditors and on the estate of each of the options. Thus, it has been noted that the inquiry for this element cannot be completed without comparing the creditors' interests in bankruptcy with those they would have under state law.").

Addressing first the sale of the Tahoe, there is nothing in the record to suggest that this unauthorized event prejudiced the creditors or adversely impacted the estate. The purpose behind restricting a debtor's right to transfer property of the estate during a chapter 13 case is clear: In the event of a conversion to chapter 7, any equity in property of the estate would be distributed to unsecured creditors, so any transfer of such property would diminish the estate and reduce what would be available to creditors in a liquidation. Here, the Tahoe was fully exempt and would not have been available to pay creditors in a chapter 7 liquidation.[7] Sale of the Tahoe would probably have been approved had the Debtors sought timely permission to do so. This court could not decree dismissal of this case without first giving the Debtors an option to convert to chapter 7 and thereby proceed to obtain a discharge. There is nothing in the record to suggest that they acted in bad faith or that conversion to chapter 7 would yield a better result for the creditors. Therefore, sale of the fully exempt Tahoe, did not result in prejudice to the creditors.

---

[7] The exemption amount for the Tahoe was actually greater than its value. The Debtors claimed a $12,000 exemption, but the vehicle was sold for $9,600.

8

As to the incurrence of new debt, though the Debtors breached a plan provision, local rule, and general order by obtaining the New Loan without prior approval, again, the court cannot find on the facts before it that this transaction has or will cause any prejudice to creditors. Similarly, the goal behind the procedures limiting a debtor's ability to incur new debt (particularly, a secured one) after confirmation is obvious: By requiring that the debtor certify that the plan payments are current, the plan is not in default, and he has the ability to pay plan payments, living expenses, and the new secured debt obligation and that the debtor obtain prior court approval before incurring new debt, these limitations are intended to prevent the debtor from choosing to service a new secured debt over his payment obligations under the Plan to the disadvantage of his existing creditors. Indeed, one of the stated purposes of these procedural restrictions is to "maximize the likelihood of successful financial reorganization and performance of chapter 13 plans." Bankr. E.D. Cal., General Order No. 05-03, at ¶ 1(d). Here again, the Debtors' request to purchase the Accord probably would have been approved in a timely motion. The unauthorized purchase does not appear to have affected in any way the Debtors' ability to perform their Plan. Indeed, the Debtors are current on their Plan payments, with only three or four monthly payments left to complete the Plan and obtain their discharge.

**III. CONCLUSION.**

Based on the foregoing, the court is not persuaded that dismissal of this case, at this time and on these facts, would be in the best interests of creditors and the estate. The Trustee's motion to dismiss will be denied without prejudice. The Debtors may complete their case and obtain their discharge. However, going forward, if, due to these actions, the Debtors can no longer make their Plan payments or complete their Plan, the court will entertain another motion to dismiss based on the analysis above.

Dated: January __7__, 2013

W. Richard Lee
United States Bankruptcy Judge

9

Mario & Shelly Raylene Ambriz, Case No. 10-12445-B-13/DC No. MHM-1

Mario Ambriz
Shelly Raylene Ambriz
10308 Titanium St.
Bakersfield, CA 93311

Robert S. Williams, Esq.
Attorney at Law
1300 18th St #B
Bakersfield CA 93301

Michael H. Meyer
Chapter 13 Trustee
PO Box 28950
Fresno CA 93729-8950

Office of the U.S. Trustee
U. S. Courthouse
2500 Tulare St., Ste. 1401
Fresno, CA 93721